UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LESLIE WRIGHT                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO.: 5:13-cv-206-DCB-MTP

WILKERSON COUNTY REGIONAL CORRECTIONAL
FACILITY JANE/JOHN DOE; DISCIPLINARY HEARING
OFFICER R. BYRD; WARDEN                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Remand [5]. Having considered the submissions of the parties, the pleadings on file, and the applicable law, the Court finds that the Motion should be denied.

PROCEDURAL BACKGROUND

The Plaintiff filed his Complaint in the Circuit Court of Wilkinson County, Mississippi on June 18, 2013, arising out of two disciplinary charges or rules violations reports ("RVR's") he received while incarcerated at Wilkinson County Correctional Center ("WCCC") in Woodville, Mississippi. He alleges that errors were made during the appeal process concerning the RVRs. (State Court Record [4], Complaint, pp. 3-5.) Plaintiff alleges that his [United States] Constitutional rights under the First and Fourteenth Amendments were violated, and that his rights were violated under Miss. Code Ann. § 47-5-801. ([4], Complaint at ¶XIII). Defendant Raymond Byrd ("Byrd") was the warden during the relevant time period.

Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Byrd removed the matter to this Court on October 23, 2013, asserting that the Complaint at issue raised a federal question, thereby invoking federal jurisdiction under 28 U.S.C. § 1331. (Notice of Removal [1] at ¶4). Specifically, Defendant Byrd noted that the federal question arose out of 42 U.S.C. § 1983 for the

alleged First and Fourteenth Constitutional Amendment rights violations. (Notice [1] at ¶4). Defendant Byrd filed his Answer [3] on October 30, 2013.

Plaintiff now requests that the action be remanded to state court. His primary argument in support of remand is that he "is not proceeding under Title 42 U.S.C. Section 1983, where [he] did not make any allegations that the Defendants 'acted under the color or law,' which is a necessary element which must be alleged to make out a Section 1983 claim." (Plaintiff's Motion to Remand [5] at ¶2).

## ANALYSIS

The district courts have original jurisdiction of civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. As observed above, Plaintiff's well-pled Complaint specifically alleges claims under the First and Fourteenth Amendments to the Constitution of the United States. These allegations alone provide an appropriate basis for the district court to assume jurisdiction over this lawsuit. *See Jones v. Belhaven Coll.*, 334 F. Supp. 2d 916, 919 (S.D. Miss. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 366, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (removal jurisdiction based upon a federal question exists when a federal question is presented on the face of plaintiff's properly pleaded petition); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326–27 (5th Cir.1998).

It is immaterial that 42 U.S.C. § 1983 is not cited in the Complaint. 42 U.S.C. § 1983 is the enforcement mechanism for constitutional claims.[1] *Villegas v. El Paso Indep. Sch. Dist.*,

---

[1] 42 U.S.C. § 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or

CIV.A.3:08CV234KC, 2008 WL 5683481 at *3 (W.D. Tex. Sept. 3, 2008).  As the *Villegas* court observed when addressing this issue:

> Plaintiffs' choice not to plead a cause of action under § 1983 does not prevent this Court from assuming jurisdiction over a case that raises a federal question. Congress has passed 42 U.S.C. § 1983 as the remedy for violations of the Equal Protection Clause of the United States Constitution, the very constitutional clause Plaintiffs allege Defendant has violated. The fact that Plaintiffs failed to specifically include the exact section of the United States Code that enforces the constitutional right protected by the Equal Protection Clause is irrelevant. It is enough that Plaintiff alleges violations of the Equal Protection Clause of the Constitution of the United States for jurisdiction to obtain.

*Villegas*, CIV.A.3:08CV234KC, 2008 WL 5683481 at *3 (citing *Bernhard v. Whitley Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001); 28 U.S.C. § 1331).  Accordingly, the district court is not deprived of jurisdiction merely because the Plaintiff did not reference 42 U.S.C. § 1983 as the mechanism through which his constitutional claims may be addressed.  By asserting First and Fourteenth Amendment violations, he has sufficiently raised federal questions and thereby conferred subject matter

---

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
>
> 42 U.S.C. § 1983.

jurisdiction upon the district court.[2]

Plaintiff next argues that because his counsel is not admitted to practice law in the United States District Court for the Southern District of Mississippi, the removal denies him the right to counsel in violation of Article 3, § 25 of the Constitution of the State of Mississippi. The Court finds his argument without merit. As an initial matter, this allegation forms no basis for remanding this action. Second, Plaintiff has the option of retaining alternative representation, or his attorney may initiate the appropriate and rather simple process for admission to practice before this Court. Finally, the state constitutional provision cited by the Plaintiff does not apply upon removal of an action to this Court. *See Prewitt v. City of Greenville, Miss.*, 161 F.3d 296, 299 (5th Cir. 1998).

## RECOMMENDATION

The Defendant properly removed this cause pursuant to 28 U.S.C. §§ 1441 and 1446. The Court has jurisdiction under 28 U.S.C. § 1331, as the Plaintiff has stated a claim that raises a federal question under the First and Fourteenth Amendments to the United States Constitution. The Court has supplemental jurisdiction of Plaintiff's state law claim. Therefore, the undersigned recommends that the Plaintiff's Motion to Remand be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. §636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[2] With federal jurisdiction established, this Court has supplemental jurisdiction of Plaintiff's state law claim. *See generally*, 28 U.S.C. § 1441(c).

District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation withing fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED this the 13th day of May, 2014.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge