IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LESLIE WRIGHT**                                                                                                      **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 5:13cv206-DCB-MTP**

**WILKERSON COUNTY CORRECTIONAL FACILITY, et al.**                **DEFENDANTS**

### REPORT AND RECOMMENDATION OF DISMISSAL

THIS MATTER is before the Court upon receipt of a letter apprising the Court of Plaintiff Leslie Wright's transfer to an out-of-state facility, and upon mail returned to the clerk as undeliverable. Having considered the documents made a part of the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Plaintiff filed this prisoner civil rights action in the Circuit Court of Wilkinson County, Mississippi, on June 18, 2013, pursuant to 42 U.S.C. § 1983. The action was removed to the United States Court for the Southern District of Mississippi on October 23, 2013. Plaintiff's address of record is located at the South Mississippi Correctional Facility ("SMCI"). On February 11, 2015, the Court received a letter from SMCI stating that Plaintiff is no longer incarcerated at SMCI or within the state of Mississippi.[1] *See* Letter [35]. The letter further states that Plaintiff was transferred in September 2014. *Id.*

This Court issued an order to show cause on February 12, 2015, directing Plaintiff to respond on or before February 26, 2015, stating why this case should not be dismissed or to confirm his

---

[1]According to the letter, Plaintiff was transferred to the United States Penitentiary in Hazeltown, Virginia, but no address was provided. Likewise, Plaintiff has not provided the Court with a new address.

current address by filing an appropriate notice with the Court. *See* Show Cause Order [14]. This deadline has now passed and Plaintiff has failed to respond to the show cause order or to notify the Court of a change of address. Furthermore, on February 18, 2015, a copy of the Order [14] was returned as undeliverable. *See* Mail Returned [15].

This action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, the Plaintiff has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." L.U. Civ. R. 11(a); *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002) (on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the Plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Ainsworth v. Payne*, No. 1:05cv297, 2006 WL 2912571, at *1 (S.D. Mississippi Oct. 10, 2006) (quoting *Perkins v. King*, No. 84-3310, 759 F.2d 19, at *4 (5th Cir. Mar. 19, 1985) (slip opinion)."It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Id*.

Plaintiff has been warned that his failure to advise the Court of a change of address or to comply with the Court's orders could result in a dismissal of this matter without further notice. *See* Order [14]. Finally, the undersigned notes that there has been no activity on behalf of the Plaintiff

in this case for nineteen months.

## RECOMMENDATION

As the Plaintiff has failed in his obligations to prosecute his case and to comply with the Court's order, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of March, 2015.

s/ Michael T. Parker
United States Magistrate Judge